J-A24024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ERIE INSURANCE EXCHANGE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTIANA MONTESANO, | : | No. 262 EDA 2021 |
| ANTHONY MONTESANO, AND DONNA | : | |
| MONTESANO | : | |

Appeal from the Order Entered March 30, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2016-13318

BEFORE:   LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY DUBOW, J.:     **FILED FEBRUARY 24, 2022**

I respectfully disagree with the Majority's conclusion that Christiana Montesano was a "person who **physically lives with you in your household on a regular basis"** and was, thus, entitled to uninsured motorist coverage under her father's auto insurance policy with Erie.

The accident for which Christiana claims benefits occurred in January 2014.  Therefore, the issue at hand is whether Christiana was physically living with her father on a regular basis at her father's home in Boyertown in January 2014.  It is undisputed that Christiana was not physically living with her father on the date of the accident.  It is also undisputed that Christiana had not been physically living with her father for the five months before the accident.  Most

_____

[*] Retired Senior Judge assigned to the Superior Court.

importantly, Christiana left her father's home five months before the accident and did not take any action until the end of those five months to return to live in her father's home.

The Majority, however, characterizes Christiana's five-month absence from her father's home as merely being of a "transient nature" and Christiana's contacts with her father's home during that time as "more than sporadic or temporary" and "constituted some measure of permanency or habitual repetition." Majority Op. at 15 (internal quotation marks omitted). The Majority concludes that Christiana was physically living with her father on a regular basis at the time of the accident and was, thus, entitled to UIM coverage under her father's policy. *Id.*

I respectfully disagree with this conclusion. The following facts are undisputed. Eight months before the accident, in June 2013, Christiana graduated from high school. On August 3, 2013, Christiana had a fight with her father and stepmother and left her father's home. She flew to Florida to stay with her mother. Her stay was open ended. She had no plans to return to her father's home.

While in Florida, she obtained a Florida driver's license and registered to vote in Florida. She took no action, let alone create a definitive plan, to return to her father's home.

In October 2013, Christiana left her mother's home in Florida, but did not return to her father's home. Rather, she went to her maternal grandparents' home in Alabama. Christiana obtained a driver's license in

Alabama. Christiana had her own room at her grandparents' home and worked part time in a local department store. Once again, Christiana's stay was open ended and she still had taken no action, let alone made plans, to return to her father's home.

In December 2013, Christiana and her mother returned to Boyertown for a few days to participate in a deposition in an unrelated lawsuit. Christiana did not stay at her father's home; rather, she stayed in a nearby hotel. While in Pennsylvania Christiana had dinner at her father's home and reconciled with her father and stepmother. For the first time in four months, Christiana started to discuss returning to her father's home. She stated that she would travel to Alabama to retrieve her personal items and then return to her father's home. Of most importance, Christiana did not set a date to return to her father's home or purchase airfare to return to her father's home. She merely talked about returning to her father's home. Christiana then returned to Alabama.

Once Christiana returned to Alabama, she started to plan her return to her father's home after the holidays. Her plans included driving from Alabama to Florida with her mother and sister after the holidays and then flying to Philadelphia from Florida.

Christiana's mother drove to Alabama for the holidays and on January 2, 2014, Christiana, her mother, and sister began driving back to Florida. On the drive to Florida, they were in a traffic accident and Christiana suffered serious injuries.

Christiana submitted various insurance claims, including one to Erie for UIM benefits under her father's policy. Erie concluded that at the time of the accident, Christiana did not qualify as a "resident" of her father's home because she had not been physically living in her father's home on a regular basis. The trial court rejected this position and found that Christiana had been physically living regularly with her father at the time of the accident and was, therefore, entitled to UIM benefits.

The policy language relevant to this dispute states that Erie shall provide UIM coverage to a person who "**physically lives with you in your household on a regular basis.**"

While I agree with the Majority's reliance on the definition of "regular" as "recurring, attending or functioning at fixed, uniform or normal intervals," or as "often," I do not interpret the undisputed facts in this case as demonstrating that Christiana was physically living with her father at "recurring, fixed or uniform intervals" on the date of the accident.

Rather, the facts demonstrate that Christiana did not physically live with her father at the time of the accident or for the five months before the accident. She had left her father's home in August 2013 and did not think about returning until four months later, in December 2013. During this time, she took no action to return. In December, she began to talk about returning and then made plans to return to her father's home nearly a month later. These facts do not establish that Christiana was physically living at her father's home at "recurring, fixed or uniform intervals."

The trial court and the Majority fail to consider that Christiana—a young adult who had just graduated from high school and had no immediate plans to continue her education—was in a transitory period of her life. The undisputed facts show that Christiana left for Florida and Alabama without plans to return. After Christiana reconciled with her father and stepmother in early December 2013, she began to plan her return to her father's home after the holidays. Notwithstanding her purported intent to return to her father's home in the future, the evidence demonstrates that, at the time of the accident, Christiana was not physically living there for any type of interval or with any type of habitual repetition. Instead, for the four months before the accident, Christiana was transient and her plans open ended. Christiana's transience does not mean that by implication, as a matter of law, she physically lived regularly with her father at the time of the accident. I would, therefore, reverse the decision of the trial court.